**COHEN & MIZRAHI LLP**
Edward Y. Kroub, Esq.
Moshe O. Boroosan, Esq.
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Phone: (929) 575-4175
ekroub@cmlattorneys.com
mboroosan@cmlattorneys.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| KATHY MORGAN,<br><br>     Plaintiff,<br>vs.<br><br>CAPITAL ACCOUNTS LLC and WAKEFIELD & ASSOCIATES,<br><br>     Defendants. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Kathy Morgan ("Plaintiff") brings this action against Capital Accounts LLC ("Capital Accounts") and Wakefield & Associates ("Wakefield") (collectively "Defendants") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

### NATURE OF THE ACTION

1. This is an action to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendants have been furnishing inaccurate account information that was published on Plaintiff's credit reports.

2. On December 4, 2020, Plaintiff submitted a debt validation letter to Capital Accounts disputing the accuracy of reporting and asking Capital Accounts to validate the details of the account.

3. On January 28, 2021, Plaintiff submitted a debt validation letter to Wakefield disputing the accuracy of reporting and asking Wakefield to validate the details of the account.

4. The FDPCA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Defendants continued to communicate the information without marking the accounts as disputed or otherwise updating the accounts as necessary. Defendants' reporting was thus misleading as a matter of law.

5. Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

**JURISDICTION AND VENUE**

6. The claims asserted in this complaint arise under 15 U.S.C. § 1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

**PARTIES**

8. Plaintiff resides in Passaic County, New Jersey, and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1692a. Plaintiff is an individual.

9. Capital Accounts is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose

of which is to attempt to collect debts alleged to be due to another. Defendant qualifies as a "debt collector" under the FDCPA.

10. Wakefield is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due to another. Defendant qualifies as a "debt collector" under the FDCPA.

## SUBSTANTIVE ALLEGATIONS

11. This case involves a Capital Accounts collections account that was reported on Plaintiff's Trans Union, Equifax, and Experian credit reports. The original creditor of the accounts was Eyecare Consultants of NJ.

12. This case also involves a Wakefield collections account that was reported on Plaintiff's Trans Union and Experian credit reports. The original creditor of the accounts was N A Partners in Anesthesia.

13. On December 4, 2020, after Plaintiff learned that Capital Accounts communicated inaccurate information about the collections account, Plaintiff sent a debt validation letter directly to Capital Accounts disputing the accuracy of information on the account.

14. On January 28, 2021, after Plaintiff learned that Wakefield communicated inaccurate information about the collections account, Plaintiff sent a debt validation letter directly to Wakefield disputing the accuracy of information on the account.

15. Under the FDCPA, the receipt of Plaintiff's debt validation letters required Defendants to cease communicating information about the accounts without marking the accounts as disputed.

16. On November 3, 2020, Plaintiff also disputed the Capital Accounts and Wakefield account reporting by submitting written dispute letters to Trans Union, Equifax, and Experian's respective FCRA compliance departments.

17. Under the Fair Credit Reporting Act ("FCRA"), upon receiving Plaintiff's dispute letter, Trans Union, Equifax, and Experian were statutorily obligated to notify Defendants of the dispute within five days.

18. Notification of Plaintiff's dispute triggered Defendants' statutory obligations to conduct investigations, mark the accounts as disputed, and delete the disputed information from Plaintiff's accounts.

19. Nonetheless, Defendants continued to communicate account information without marking the accounts as disputed.

20. Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

## CAUSES OF ACTION

### COUNT I

**Against Defendants for Violation of the FDCPA, 15 U.S.C. § 1692e**

21. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

22. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(emphasis added).

23. Defendants received a debt validation letter from Plaintiff stating that the information on the account was disputed.

24. Nonetheless, Defendants continued to report the details of Plaintiff's account to the credit reporting agencies without marking the account as disputed.

25. Plaintiff was later denied an extension of credit on the basis of the inaccurate reporting, and has been forced to deal with the aggravation and humiliation of a poor credit score.

26. Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: April 29, 2021 **COHEN & MIZRAHI LLP**

*/s/ Edward Y. Kroub*
EDWARD Y. KROUB

EDWARD Y. KROUB
MOSHE O. BOROOSAN
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Phone: 929/575-4175
Fax: 929/575-4195
ekroub@cmlattorneys.com
mboroosan@cmlattorneys.com

*Attorneys for Plaintiff*